IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| HAROLD A. SMITH, ) | |
| DONNA L. SMITH, ) | Bankruptcy No. 10-02784 |
| ) | |
| Debtors. ) | |

**ORDER RE: REAFFIRMATION AGREEMENT**

This matter came before the Court at a hearing on January 25, 2011. Debtors Harold A. Smith and Donna L. Smith appeared without counsel. Star Douglas attended the hearing without counsel as a representative for Creditor Collins Community Credit Union. This is a core proceeding under 28 U.S.C. § 157(O).

**FINDINGS OF FACT**

In a Reaffirmation Agreement filed November 17, 2010, Debtors seek to reaffirm an unsecured debt of $912.00 to Collins Community Credit Union. The agreement carries 10.24% interest and monthly payments of $111.24. Debtors had received overpayments from Social Security, and obtained the loan from the Credit Union to make up for the series of lower Social Security payments to recoup the overpayments. Debtors have been members of the Credit Union since 1980. They seek to reaffirm with the Credit Union to avoid cancellation of their account and other accounts with the Credit Union if they do not reaffirm this debt.

**CONCLUSIONS OF LAW AND DISCUSSION**

A debtor may voluntarily agree in writing to repay, or "reaffirm" a debt that would be dischargeable in bankruptcy. 11 U.S.C. § 524. Section 524(c) governs the enforceability of a reaffirmation agreement between the debtor and creditor. The provisions of § 524(c) are "aimed at ensuring that debtors do not fall victim to coercive and deceptive actions by creditors and to make

sure that debtors understand the consequences of entering into such agreements." In re Nouchanthavong, No. 09-02181, 2009 WL 4059051 at *1 (Bankr. N.D. Iowa, November 13, 2009).

Reaffirming an obligation to repay a prepetition debt is contrary to the fresh start provisions of the Bankruptcy Code. See, e.g., In re Jamo, 283 F.3d 392, 398 (1st Cir. 2002); In re Getzoff, 180 B.R. 572, 574 (B.A.P. 9th Cir. 1995); In re Pickerel, 433 B.R. 679, 683 (Bankr. N.D. Ohio 2010); In re Reed, 403 B.R. 102, 104 (Bankr. N.D. Okla. 2009). Reaffirmation is an exception to the discharge provisions of the Code—an exception that is invoked by the debtor himself or herself. Jamo, 283 F.3d at 398. As a result, courts must carefully enforce the Code provisions governing the execution of reaffirmation agreements. See, e.g., In re Grisham, 436 B.R. 896, 900 (Bankr. N.D. Tex. 2010); In re Golladay, 391 B.R. 417, 421 (Bankr. C.D. Ill. 2008).

Where, as here, the individual Debtors were not represented by counsel during the course of negotiating the reaffirmation agreement, the Court must review it and approve it before it becomes effective. 11 U.S.C. § 524(c)(6)(A). The Court may approve the agreement only if it does not impose "an undue hardship on the debtor or a dependent of the debtor" and is "in the best interest of the debtor." 11 U.S.C. § 524(c)(6)(A)(i) & (ii).

Under § 524(m)(1), "it shall be presumed that such agreement is an undue hardship on the debtor if the debtor's income less the debtor's monthly expenses . . . is less than the scheduled payments on the reaffirmed debt." Such a presumption of hardship normally must be reviewed by the Court. However, the presumption and required Court review does not apply when, as here, the creditor is a credit union. 11 U.S.C. § 524(m)(2). Section 524(m)(2) specifically states that the presumption of undue hardship "does not apply to reaffirmation agreements where the creditor is a credit union, as defined in section 19(b)(1)(A)(iv) of the Federal Reserve Act." See also In re

2

Coleman, 2010 WL 5067429 at *2 (Bankr. D.S.D. 2010) ("The lone exception is for reaffirmation agreements with federal credit unions, with respect to which the presumption of undue hardship never arises."); In re Reed, 403 B.R. 102, 105–06 (noting that § 524(m) "applies to every reaffirmation agreement except where the creditor is a credit union.").

It is undisputed that Collins Community Credit Union is a credit union under the definition of § 19(b)(1)(A)(iv) of the Federal Reserve Act. Therefore, the presumption of undue hardship did not arise in this case. While there is no presumption, the Court must nevertheless independently review the agreement where, as here, the debtor was "unrepresented by an attorney during the course of negotiating" the agreement. 11 U.S.C. § 524(c)(6)(A); see also In re Moustafi, 371 B.R. 434, 438 (Bankr. D. Ariz. 2007) (noting that where debtors were unrepresented in the negotiation of a reaffirmation agreement, "[s]uch agreements are only effective if approved by the court as not imposing an undue hardship on the unrepresented debtor or her dependents *and* as being in the debtor's best interest"). The review is to ensure the agreement does not cause "undue hardship" and is in the "best interest of the debtor." 11 U.S.C. § 524(c)(6)(A)(i) & (ii).

Debtors' Schedules I and J show a monthly net income of $4.00. Payment on this debt is not included on Schedule J. Debtors stated at the hearing that they can pay and have been making payments on this loan. Based on this record, the Court concludes this particular reaffirmation agreement does not impose an undue hardship on the Debtors. The amount of the debt ($912.00) is relatively low. The monthly payments ($111.24) are manageable, and the debt will be repaid in nine months.

In reviewing whether the agreement is in the Debtors' "best interest," there are a few special considerations here. Debtors typically reaffirm debts in order to retain collateral that is subject to a valid security agreement. Nouchanthavong, 2009 WL 4059051 at *1 (citing In re

3

Kamps, 217 B.R. 836, 850 (Bankr. C.D. Cal. 1998)). "In contrast, the best interest of a debtor ordinarily requires the denial of a reaffirmation of an unsecured debt." Id. (citing Kamps, 217 B.R. at 851). A debtor may freely choose to pay the unsecured debt but does not need to waive the benefit of the discharge to do so. Id. (citing In re Exell, 269 B.R. 768, 769 (Bankr. S.D. Ohio 2001)). The Bankruptcy Code expressly allows for the debtor to voluntarily repay a dischargeable debt to a claim holder without reaffirming the debt. 11 U.S.C. § 524(f). Thus, courts have shown great reluctance to allow reaffirmation in cases of unsecured obligations.

With that said, there is no hard and fast rule on how to determine what is in a debtor's best interest. "The debtor's best interest encompasses a variety of possible factors, which turn on the facts of the individual case." Kamps, 217 B.R. at 847. The Debtors here have voluntarily entered into the agreement after having been fully informed. In fact, they have approached this issue very thoughtfully. Debtors testified that they do all of their banking at the Credit Union. They have been members in good standing since 1980. The Debtors find great value in their long-term relationship with the Credit Union. Debtors know the Credit Union will cancel their remaining accounts and return the funds to them if the debt is not reaffirmed. In addition to losing a valuable, long-term relationship, Debtors emphasized the potential hassle of re-establishing all of their accounts at another bank or credit union in a short amount of time. Mrs. Smith has other pressures and demands on her time that complicate matters. She helps provide for the care of her husband who has health issues following from his stroke.

The Court is persuaded by Debtors' arguments in favor of reaffirmation. The repayment terms are manageable, do not impose an undue hardship, and Debtors have demonstrated on the totality of the facts that it is in their best interest to reaffirm this unsecured debt. For all these reasons, the Court finds that the reaffirmation agreement should be approved.

**WHEREFORE,** the Debtors' Motion for Approval of Reaffirmation Agreement is GRANTED.

Dated and entered:

February 17, 2011

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE